**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Mary J. Parlier, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LVNV Funding, LLC. and Weltman, Weinberg & Reis Co., LPA, | ) | |
| | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**COMPLAINT – CLASS ACTION**
**INTRODUCTION**

1.      Plaintiff seeks redress in this action for defendants' debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 15 U.S.C. §1692k(d) (the FDCPA). Venue in this District is proper because plaintiff resides here and defendants transact business here.

**PARTIES**

3.      Plaintiff, Mary J. Parlier, resides in Chicago, Illinois.

4.      Defendant, LVNV Funding LLC is a Delaware limited liability company with CT Corporation located at 208 S. LaSalle St. Ste. 814, Chicago, Il. 60604 as its registered agent in Illinois.

5.      Defendant, Weltman, Weinberg & Reis Co., LPA is an Ohio corporation company with National Registered Agents located at 200 W. Adams, Chicago, Il. 60606 as its registered agent in Illinois.

6.      Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are debt collectors under the FDCPA.

## **FACTS**

7.      On October 2, 2010, Ms. Parlier was served with a summons and complaint in the Municipal Division of the Circuit Court of Cook County, Case Number 10 M1 185654 alleging a debt of $3,217.91 was owed to LVNV Funding, LLC.

8.      The complaint was filed on September 13, 2010 by Weltman, Weinberg & Reis Co., LPA representing LVNV Funding.

9.      Ms. Parlier never directly opened an account or line of credit with LVNV Funding LLC.

10.     According to documents attached to the complaint, the alleged debt was originated as a Citibank/Sears Premier credit card account on March 19, 2001 and was subsequently purchased by LVNV Funding on July 3, 2007.

11.     On or around October 4, 2010 and October 5, 2010, Ms. Parlier contacted Sears customer service department and inquired about the date of last purchase or payment for the account in question.

12.     The date of last payment for the account in question was May 14, 2004 and no charges had been made to the account subsequent to that date.

13.     On October 29, 2010, Ms. Parlier filed a motion to dismiss LVNV Funding's

2

complaint arguing that the action was time-barred because the complaint was filed after the five year statute of limitations had run.

14.     Defendants did not file a response to this motion to dismiss and on January 4, 2011, the complaint was dismissed with prejudice after a hearing on the motion.

### Count I - Fair Debt Collection Practices Act

15.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 14 above. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

(a) False, Misleading, Deceptive, or Unfair Practice/Unauthorized Charges.
Defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1), by falsely representing the legal status of the debt in the complaint filed on September 13, 2010.

(b) False, Misleading, Deceptive, or Unfair Practice/False Representation of Obligation on Account.
Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by using deceptive means to attempt to collect a debt, namely by falsely representing that Plaintiff was obligated to repay the original Citibank debt, when in fact the debt was extinguished by operation of law.

(c) False, Misleading, Deceptive, Unfair or Unconscionable Practice/Attempted Collection of Time Barred Debt
Defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f by attempting to collect on a time barred debt.

16.     As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### CLASS ALLEGATIONS

17.     Plaintiff brings this claims on behalf of a class.

3

18.     The class consists of all natural persons in the state of Illinois which defendant sued for a Citibank credit card account between March 4, 2010 and March 18, 2011 where the last payment or charge on the underlying account was made more than 5 years from the date the lawsuit was filed by LVNV where LVNV was represented by Weltman, Weinberg & Reis Co., LPA.

19.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

20.     There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether defendants' actions violate the FDCPA.

21.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

22.     Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

23.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

a.     Statutory damages;

b.     Actual damages, including any filing fees in the underlying

4

lawsuit.

    c.      Attorney's fees, litigation expenses and costs of suit;

    d.      Such other or further relief as the Court deems appropriate.

Respectfully submitted,


Plaintiff


By: /s/ Keith J. Keogh
      Her Attorney


Keith J. Keogh
Craig Shapiro
Ainat Margalit
 Keogh Law, LTD.
101 N. Wacker Dr., Suite 605
Chicago, Il 60606
312.726.1092/312.726.1093 (fax)




**JURY DEMAND**



Plaintiff demands trial by jury.




/s/ Keith J. Keogh
  Keith J. Keogh