**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARY J. PARLIER, )<br> )<br>  Plaintiff, )<br> )<br> vs. )<br> )<br> LVNV FUNDING, LLC and WELTMAN, )<br> WEINBERG & REIS CO., LPA, )<br> )<br>  Defendants. ) | 11-cv-01586<br><br>Judge John A. Nordberg<br><br>Magistrate Judge Susan E. Cox |

**ANSWER TO COMPLAINT**

Defendants, LVNV Funding, LLC ("LVNV") by and through its attorneys David M. Schultz and Jennifer W. Weller and for its Answer to Plaintiff's Complaint states as follows:

**INTRODUCTION**

1.  Plaintiff seeks redress in this action for defendants' debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

**ANSWER:** LVNV admits that Plaintiff purports to bring this action pursuant to the FDCPA and that Plaintiff attempts to paraphrase certain provisions of the FDCPA, however, LVNV denies that it has violated any section of the FDCPA or any other law and accordingly denies the allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), § 1337, and 15 U.S.C. §1692k(d) (the FDCPA). Venue in this District is proper because plaintiff resides here and defendants transact business here.

**ANSWER:** LVNV admits that this Court has federal question jurisdiction and does not contest venue, however, LVNV denies that it transacts business in Illinois and that jurisdiction is proper pursuant to 28 U.S.C. §1337.

## PARTIES

3. Plaintiff, Mary J. Parlier, resides in Chicago, Illinois.

**ANSWER:** LVNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Defendant, LVNV Funding LLC is a Delaware limited liability company with CT Corporation located at 208 S. LaSalle St. Ste. 814, Chicago, Il. 60604 as its registered agent in Illinois.

**ANSWER:** LVNV admits it is a Delaware limited liability company and that its registered agent is CT Corporation System.

5. Defendant, Weltman, Weinberg & Reis Co., LPA is an Ohio corporation company with National Registered Agents located at 200 W. Adams, Chicago, IL. 60606 as its registered agent in Illinois.

**ANSWER:** Upon information and belief, LVNV admits the allegations contained in Paragraph 5.

6. Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are debt collectors under the FDCPA.

**ANSWER:** LVNV admits that it engages in the purchase of debt and that some of this debt includes debts originally owed to others that may qualify as consumer debt. LVNV lacks knowledge or information sufficient to form a belief regarding any remaining allegations in Paragraph 6.

**FACTS**

7. On October 2, 2010, Ms. Parlier was served with a summons and complaint in the Municipal Division of the Circuit Court of Cook County, Case Number 10 Ml 185654 alleging a debt of $3,217.91 was owed to LVNV Funding, LLC.

**ANSWER:** LVNV admits the allegations contained in Paragraph 7.

8. The complaint was filed on September 13, 2010 by Weltman, Weinberg & Reis Co., LPA representing LVNV Funding.

**ANSWER:** LVNV admits the allegations contained in Paragraph 8.

9. Ms. Parlier never directly opened an account or line of credit with LVNV Funding LLC.

**ANSWER:** LVNV admits the allegations contained in Paragraph 9.

10. According to documents attached to the complaint, the alleged debt was originated as a Citibank/Sears Premier credit card account on March 19, 2001 and was subsequently purchased by LVNV Funding on July 3, 2007.

**ANSWER:** LVNV admits the allegations contained in Paragraph 10.

11. On or around October 4, 2010 and October 5, 2010, Ms. Parlier contacted Sears customer service department and inquired about the date of last purchase or payment for the account in question.

**ANSWER:** LVNV lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. The date of last payment for the account in question was May 14, 2004 and no charges had been made to the account subsequent to that date.

**ANSWER:** LVNV admits that the date of last payment on the account was May 15, 2004 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13. On October 29, 2010, Ms. Parlier filed a motion to dismiss LVNV Funding's complaint arguing that the action was time-barred because the complaint was filed after the five year statute of limitations had run.

**ANSWER:** LVNV admits that on or about October 29, 2010 Plaintiff filed a Motion to Dismiss and that the Motion argued the Complaint was time-barred. LVNV denies any remaining allegations contained in Paragraph 13.

14. Defendants did not file a response to this motion to dismiss and on January 4, 2011, the complaint was dismissed with prejudice after a bearing on the motion.

**ANSWER:** LVNV admits the allegations contained in Paragraph 14.

### Count I - Fair Debt Collection Practices Act

15. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 14 above. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

(a) False, Misleading, Deceptive, or Unfair Practice/Unauthorized Charges. Defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1), by falsely representing the legal status of the debt in the complaint filed on September 13, 2010.

(b) False, Misleading, Deceptive, or Unfair Practice/False Representation of Obligation on Account.
Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by using deceptive means to attempt to collect a debt, namely by falsely representing that Plaintiff was obligated to repay the original Citibank debt, when in fact the debt was extinguished by operation of law.

4

(c) False, Misleading, Deceptive, Unfair or Unconscionable Practice/Attempted Collection of Time Barred Debt

Defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f by attempting to collect on a time barred debt.

**ANSWER:** Defendant LVNV repeats, realleges and reincorporates its answers to Paragraph 1 through 14 as if fully set forth herein. In further answering, Defendant LVNV denies that it violated the FDCPA and denies each and every remaining allegation contained in Paragraph 15 (a) through (c) inclusive.

16. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff in the sum of Plaintiffs actual damages, statutory damages, and costs and attorney's fees.

**ANSWER:** Defendant LVNV denies each and every allegation contained in Paragraph 16.

## CLASS ALLEGATIONS

17. Plaintiff brings this claim on behalf of a class.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class and denies that a class exists or that one should be certified.

18. The class consists of all natural persons in the state of Illinois which defendant sued for a Citibank credit card account between March 4, 2010 and March 18, 2011 where the last payment or charge on the underlying account was made more than 5 years from the date the lawsuit was filed by LVNV where LVNV was represented by Weltman, Weinberg & Reis Co., LPA.

**ANSWER:** LVNV admits that Plaintiff seeks certification of class, however, Defendant denies that a class exists or that one should be certified and accordingly denies the allegations contained in Paragraph 18.

130090475v1 NEWFILE NEWFILE

19. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**ANSWER:** LVNV admits that Plaintiff seeks certification of class, however, Defendant denies that a class exists or that one should be certified and accordingly denies the allegations contained in Paragraph 19.

20. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendants' actions violate the FDCPA.

**ANSWER:** LVNV admits that Plaintiff seeks certification of class, however, Defendant denies that a class exists or that one should be certified and accordingly denies the allegations contained in Paragraph 20.

21. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** LVNV admits that Plaintiff seeks certification of class, however, Defendant denies that a class exists or that one should be certified and accordingly denies the allegations contained in Paragraph 21.

22. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:** LVNV admits that Plaintiff seeks certification of class, however, Defendant denies that a class exists or that one should be certified and accordingly denies the allegations contained in Paragraph 22.

23. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**ANSWER:** LVNV denies the allegations contained in Paragraph 23.

WHEREFORE, Defendant LVNV Funding LLC respectfully requests that this Court enter judgment in its favor and against Plaintiff and Plaintiff's Complaint and for such further relief as this Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

Defendant LVNV Funding, LLC by and through its undersigned counsel and for its affirmative defenses to Plaintiff's Complaint states as follows:

A. If LVNV is found to be vicariously responsible for the alleged conduct of Weltman, Weinberg & Reis Co., LPA, LVNV is entitled to rely upon the *bona fide error* defense available to Weltman, Weinberg & Reis Co., LPA as its own affirmative defense. Any conduct which allegedly violated the Fair Debt Collection Practices Act is subject to the *bona fide error* defense.

B. If LVNV is found to be vicariously responsible for the alleged conduct of Weltman, Weinberg & Reis Co., LPA then LVNV states that it maintains reasonable procedures and policies to avoid errors of the character and type alleged in this action. Any conduct which allegedly violated the FDCPA is subject to the *bona fide error* defense.

C. Plaintiff's complaint fails to state a claim upon which relief can be granted.

D. Plaintiff's claims are barred by additional defenses that may arise during this litigation, which this defendant reserves the right to assert.

E. This defendant denies all allegations contained in plaintiff's complaint that are not expressly admitted in this answer.

Respectfully submitted,

By: s/*Jennifer W. Weller*
    One of the attorneys for:
    LVNV Funding, LLC

## **CERTIFICATE OF SERVICE**

    I, Jennifer W. Weller, an attorney, certify that I shall cause to be served a copy of the **ANSWER** upon the below listed individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on **April 25, 2011.**

| | |
|---|---|
| ☒ CM/ECF | *To All Parties of Record* |
| ☐ Facsimile | |
| ☐ Federal Express | |
| ☐ Regular U.S. Mail | |
| ☐ Messenger | |
| ☐ E-Mail | |

HINSHAW & CULBERTSON LLP

David M. Schultz                          s/ *Jennifer W. Weller*
Jennifer W. Weller                      Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

130090475v1 NEWFILE NEWFILE